**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TED SCHROLUCKE,**
                  **Plaintiff,**

**-vs-**                              **Case No. 6:06-cv-425-Orl-31KRS**

**CRESCENT RESOURCES, LLC,**
**RINEHART DEVELOPMENT &**
**INVESTMENT GROUP, LLC,**
                  **Defendants.**

## ORDER

This matter is before the Court on the Plaintiff's Motion to Remand (Doc. 15), Crescent Resources, LLC's ("Crescent") Memorandum in Opposition thereto (Doc. 17), Crescent's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 16), and the Plaintiff's Response in Opposition thereto (Doc. 18).[1] In an Order dated May 24, 2006 in the case of *Brottem v. Crescent Resources LLC & Rinehart Development & Investment Group, LLC*, Case No. 6:06-cv-306-Orl-31KRS, the Court determined that Rinehart had been fraudulently joined and dismissed Rinehart from that case. (*See* Doc. 41, Case No. 6:06-cv-306). More specifically, the Court concluded that Rinehart was entitled to assert the statutory third party defense under Florida Statute section 376.308(2), and that the Plaintiffs in that case therefore could not state a valid claim against Rinehart. (*Id*. at 12-13). That reasoning is equally applicable here.[2]

---

[1] The Court has consolidated these matters inasmuch as both sets of Motions address similar issues, namely the statutory third party defense, so that the Court may resolve all pertinent issues in as complete, thorough and expeditious a manner as possible.

[2] Rinehart may assert the third party defense in this particular case because Rinehart did not purchase the property involved in this case until 2005, (*see* Doc. 17, Att. 2 at 1, Case No. 6:06-cv-306-GAP-KRS), well after Schrolucke's employment ended.

Unlike the other cases related to this litigation,[3] here Crescent does not assert the statutory third party defense under Florida Statute section 376.308(2)(d).[4] Instead, Crescent simply argues that the claims against it should be dismissed because Florida Statute section 376.313 does not apply to personal injury claims. (Doc. 16 at 4). In its Order in the *Brottem* case, the Court found that it is a "distinct possibility that a Florida court could find that a private cause of action exists under Florida law for . . . personal injury damages." (Doc. 41 at 7, Case No. 6:06-cv-306). Therefore the Court rejects Crescent's argument.

Accordingly, for the reasons stated in the Court's Order in the *Brottem* case, it is

**ORDERED THAT** the Plaintiff's Motion to Remand (Doc. 15) is DENIED and Rinehart is dismissed from this case. It is further **ORDERED THAT** Crescent's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 16) is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 26, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[3] *See* Case Nos. 6:06-cv-422, 423, 424 and 426, in each of which an individual plaintiff makes the same allegations and brings the same claims as those made by Schrolucke against the same defendants named here.

[4] According to the affidavits Crescent submitted, Schrolucke is the only Plaintiff employed at the facility after Crescent purchased the property in question in 2000, having remained employed there until April 15, 2002. (Doc. 16 at 14).